IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JOE SANDOVAL, and all others similarly situated under 29 USC § 216(b), | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CASE NO. 7:20-cv-108-DC-RCG |
| | § | JURY DEMANDED |
| PRODUCTION FIRE & SAFETY, LLC, and JAMES A. LEDOUX, | § § § | Collective Action pursuant to 29 U.S.C. § 216(b) |
| *Defendants*. | § § | |

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT
AND MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Joe Sandoval, individually and on behalf of All Others Similarly Situated (collectively, "Plaintiffs"), and Production Fire & Safety, LLC and James A. Ledoux (collectively, "Defendants") file this Joint Motion for Approval of Confidential Settlement and Motion to Dismiss with Prejudice and would respectfully show the Court the following:

### I.   INTRODUCTION

Plaintiffs and Defendants have reached a settlement of the pending dispute concerning unpaid overtime wages and alleged violations of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). Further, Plaintiffs Sandoval, Escobar and Benavidez are asserting FLSA retaliation claims that are also being resolved pursuant to this resolution. The settlement provides compensation for all Plaintiffs who have alleged to have been paid less than time and one half their regular rates of pay for all hours worked over 40 hours in a workweek.

On May 4, 2020, Plaintiff Joe Sandoval, on behalf of himself and all others similarly situated under 29 U.S.C. §216(b), sued Defendants Production Fire & Safety, LLC, James A.

1

Ledoux, George Pratt Doucet and AMPRO Well Services, LLC[1] alleging numerous violations of the FLSA. *See* Doc. No. 1. On October 30, 2020, the Court granted the parties' Joint Stipulation for Conditional Certification and Notice, and notice was sent to Defendants' qualifying employees. *See* Doc. No. 40. Prior to and during the notice period, 32 individuals joined the lawsuit. On November 9, 2020, Plaintiff Sandoval, on behalf of all other similarly situated under 29 U.S.C. §216(b), filed their Third Amended Class and Collective Action Complaint, again asserting multiple claims, including violations to pay overtime pursuant to 29 U.S.C. § 207. *See* Doc. No. 43. In this pleading, Plaintiff Sandoval, Escobar and Benavidez asserted FLSA retaliation claims pursuant to 29 USC §215(a)(3), and Plaintiff Sandoval presented a section 510 Employee Retirement Income Security Act ("ERISA") claim[2]. *See* Doc. No. 43. In addition to the FLSA retaliation claims asserted by Plaintiffs Sandoval, Benavidez and Escobar, the central allegation was that Defendants did not pay the Plaintiffs for all hours worked, including hours worked off-the-clock, at the proper overtime rate, thus, alleging multiple violations of the FLSA. *See* Doc. No. 43.

The Parties thereafter engaged in written discovery, whereby Defendants provided Plaintiffs' counsel with pay and time records for each Plaintiff during the relevant time period covered by this lawsuit. Further, the Parties conducted multiple depositions. The Parties also attended a mediation that was unsuccessful. The Parties thereafter continued to engage in settlement discussions. Through their efforts, the Parties were able to reach a settlement. Now, the Parties request that the Court approve their settlement, articulated in the Settlement Agreement. The final terms of the settlement are reflected in the Settlement Agreement which is being filed contemporaneously as Exhibit A under seal by a Joint Motion to File Confidential

---

[1] George Pratt Doucet and AMPRO Well Services, LLC have been previously dismissed from this lawsuit with prejudice.
[2] Plaintiff Sandoval has previously dismissed with prejudice his ERISA claim.

Release and Settlement Agreement Under Seal ("Motion to Seal"). The Settlement Agreement at issue resolves all claims of the Plaintiffs, including all Opt-In Plaintiffs.

## II. ARGUMENTS AND AUTHORITIES

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores*, 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Food*, 679 F.2d at 1354.

When reviewing a proposed FLSA settlement, the Court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1353, 1355. The

3

endorsement of a proposed FLSA settlement by counsel for both parties is a factor that weighs in favor of approval of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).

The Parties agree that the settlement and terms as identified in the Settlement Agreement are fair and represents a reasonable compromise of the disputed issues in this case.

**A.  The terms of the settlement provide for substantial compensation for the claims raised in the lawsuit.**

The Parties' settlement is fair and reasonable and provides fair compensation to the Plaintiffs, including all Opt-In Plaintiffs. Each Plaintiffs' actual pay and time records were reviewed and an estimated amount owed for each Plaintiff was calculated. The total amount owed for each individual was then added together to determine the amount owed for the Plaintiffs. The settlement is fair and reasonable because the amount provides significant compensation to the Plaintiffs, including all Opt-In Plaintiffs, without the risk of a trial or appeal. The settlement covers both alleged unpaid wages and liquidated damages for each Plaintiff.

The recovery reached in the Settlement Agreement is also significant given that the Parties disagreed over the merits of the case. The Plaintiffs argued that Defendants required Plaintiffs to work-off-the-clock, were not paid for all hours worked, were not paid the proper overtime rate due to the payment of ticket hours, and other violations of the FLSA. Defendants denied these allegations and disputed that Plaintiff were required to work-off-the-clock, were not paid for all hours worked, and denied the alleged FLSA violations. Further, the Parties disagreed as to whether the Plaintiffs could satisfy their burden to demonstrate that Defendants acted willfully, which in turn affects whether the Plaintiffs could recover damages for two (2) years or three (3) years prior to the filing of the Complaint. *See* 29 U.S.C. § 255. The Parties also

4

disagreed as to whether Defendants would satisfy their burden of proving good faith and reasonableness and, consequently, the extent to which liquidated damages could be awarded.

Due to the directly conflicting factual allegations and differing views on the applicable law, the Parties believe that the amounts reflected in the Settlement Agreement are in the best interest of the Plaintiffs, including all Opt-In Plaintiffs. More importantly, the settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial. In exchange for these payments, the Plaintiffs will agree to release Defendants from any and all claims they may have related to wages, back pay, overtime and any associated damages.

**B.     The settlement is fair and reasonable in light of the uncertainty of the outcome.**

The proposed Settlement Agreement is fair to the Plaintiffs because it provides for a settlement for the Plaintiffs with damages calculated based upon the actual records for the Plaintiffs, and each Plaintiff is allocated a separate amount based upon his/her dates of employment, hours worked, and payroll records. The settlement allows the Plaintiffs to receive an amount from the settlement that is based upon each individual's proportionate share of the total damages available to all Plaintiffs in the aggregate, net of attorneys' fees and costs. The pro rata allocation to the Plaintiffs is set forth in the Settlement Agreement to the Parties' Motion to Seal.

**C.     The Parties have agreed on a fair and reasonable plan to administer the settlement.**

The Parties have agreed to self-administer this settlement. The release of claims to the Opt-In Plaintiffs is a wage and hour release, and not a broad release of all imaginable claims. In exchange, the Representative Plaintiff will sign the release on behalf of the Opt-In Plaintiffs and Defendants will also issue payments to the Opt-In Plaintiffs with the release of claims on the back of the settlement checks. No claim form will be required. Instead, execution of the release

by the Representative Plaintiff and also the settlement checks will contain effective release of the claims.

### D.     The Attorneys' Fees sought are fair and reasonable.

Additionally, the Parties stipulate and agree that the amount for attorneys' fees and costs sought under the Settlement Agreement are fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

Plaintiff's counsel investigated the claims, analyzed pay data, managed communication with the Plaintiffs, conducted research, and performed other work that resulted in a settlement. When evaluating a claim for fees, **a party's success in the litigation is the "most critical."** *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983). In determining the reasonableness of the requested attorney's fee, the court in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) considered the comparative data about Rule 23 class settlements summarized by the National Economic Research Associates. Measured against that standard, the settlement in this case is very good. Plaintiffs' counsel acquired a class settlement that provides substantial recovery for the Plaintiffs. Under Defendants' theory, the Plaintiffs and each of the Opt-In Plaintiffs would be owed close to zero, thus, the funds to be paid are significant. Furthermore, the legal theories involved required substantial expertise in the wage and hour field. Many attorneys would not have understood the nuanced arguments asserted, nor would they have been able to discern the extent of Plaintiffs claims. Additionally, other lawyers may not have had the expertise to ascertain and evaluate the possible damage awards available to the Plaintiffs in this case. Thus, the work of Plaintiff's counsel provided a significant benefit to the Plaintiffs.

4844-7938-3962.1/0009L/0099/062019

E.  **The Settlement Agreement should be approved by the Court.**

The terms of the Settlement Agreement have been approved by the Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Moreover, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in negotiations concerning the specific terms of the settlement and the scopes of the release. The settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive negotiations.

Ultimately, there can be no question that this Settlement Agreement represents fair value for the Plaintiffs. The Plaintiffs will receive back wages and liquidated damages under federal

law without the risk or expense of trial. Indeed, the amounts recovered under the settlement are fair on both a collective and individual basis.

### III.   CONCLUSION

The terms of the Settlement Agreement have been approved by the Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, the Parties jointly request that the Court approve the FLSA settlement, and the sealed Settlement Agreement.

For the foregoing reasons, the Parties respectfully requests that the Court enter an order approving the Parties' Settlement Agreement and dismissing the case with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Fernando M. Bustos | /s/ Adam D. Boland |
| Fernando M. Bustos | Adam D. Boland |
| SBN: 24001819 | Texas Bar No. 24045520 |
| fbustos@bustoslawfirm.com | aboland@clarkhill.com |
| Brandon C. Callahan | Sona Ramirez |
| SBN: 24096175 | Texas Bar No. 24040330 |
| bcallahan@bustoslawfirm.com | sramirez@clarkhill.com |
| Matthew N. Zimmerman | Charlie Hayes |
| SBN: 24100386 | Texas Bar No. 24116496 |
| mzimmerman@butsoslawfirm.com | chayes@clarkhill.com |
| BUSTOS LAW FIRM, P.C. | CLARK HILL STRASBURGER |
| P.O. Box 1980 | 2301 Broadway Street |
| Lubbock, Texas 79408-1980 | San Antonio, Texas 78215 |
| (806) 780-3976 | Telephone: (210) 250-6000 |
| (806) 780-3800 (Fax) | Facsimile: (210) 250-6100 |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |

4844-7938-3962.1/0009L/0099/062019